UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TROY GARDNER,<br><br>      Plaintiff,<br><br>v.<br><br>A.S. FULTON FOOD CORP.<br> d/b/a Bravo Supermarket, and<br>LUIS VARGAS, an individual, and<br>POLO VARGAS, an individual<br><br>      Defendants. | COMPLAINT FOR DAMAGES<br><br>Case No. 1:21-cv-4081<br><br><u>JURY TRIAL REQUESTED</u> |

## INTRODUCTION

1. Plaintiff Troy Gardner has been working for A.S. Fulton Food Corporation's Bravo supermarkets for over twenty years, and is still working there, in the dairy and frozen departments. During this time Defendants have underpaid him in a variety of ways. To challenge these wage violations, Plaintiff brings this action, by and through his attorneys, against Defendants A.S. Fulton Food Corp., d/b/a Bravo Supermarket, Luis Vargas, an individual, and Polo Vargas, an individual, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA") and the New York Labor Law, Art. 19, § 190 *et seq*, § 650, *et seq.* (hereinafter, "NYLL").  In addition, Defendants engaged in fraudulent reporting activities on his tax forms.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

3. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

4. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq*. A significant portion of the events giving rise to the instant litigation occurred at the Defendants' other located at 1299 Fulton Street, Brooklyn, NY 11216.

## PARTIES

### Defendant A.S. Fulton Food Corp.

5. Defendant **A.S. Fulton Food Corp.** d/b/a Bravo Supermarket (hereinafter "A.S. Fulton") is a New York corporation doing business within Kings County, and whose principal place of business is located at 1299 Fulton Street, Brooklyn, NY 11216. Its DOS Process agent is listed with the NYS Department of State as The Corporation at the same address.

6. Defendant A.S. Fulton Food Corp. operates a grocery store located at 1299 Fulton Street, Brooklyn, NY 11216 which does business as Bravo Supermarket.

7. At all relevant times, Defendant Bravo Supermarket had annual gross revenues in excess of $500,000.

8. At all relevant times, Defendant A.S. Fulton was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9. At all times material to this action, Defendant A.S. Fulton was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

### Defendant Luis Vargas

10. Defendant Luis Vargas, an individual, resides in Kings County, New York, upon information and belief.

11. At all times material to this action, Defendant Vargas actively participated in the business of the corporation.

12. At all times material to this action, Defendant Vargas exercised substantial control over the functions of the company's employees including Plaintiff.

13. At all times material to this action, Defendant Vargas was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

14. Defendant Vargas has an ownership interest in and/or is a shareholder of Bravo Supermarket.

15. Defendant Luis Vargas is one of the ten largest shareholders of Bravo Supermarket.

**Defendant Polo Vargas**

16. Defendant Polo Vargas, an individual, resides in New Hyde Park, Nassau County, New York, upon information and belief.

17. At all times material to this action, Defendant Polo Vargas actively participated in the business of the corporation as the President of Bravo Supermarket.

18. At all times material to this action, Defendant Polo Vargas exercised substantial control over the functions of the company's employees including Plaintiff.

19. At all times material to this action, Defendant Polo Vargas was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

20. Defendant Polo Vargas has an ownership interest in and/or is a shareholder of Bravo Supermarket.

21. Defendant Polo Vargas is one of the ten largest shareholders of Bravo Supermarket.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Gardner v. Bravo Supermarket*
USDC, Eastern District of New York

Complaint
Page 3

**Plaintiff Troy Gardner**

22. Plaintiff Troy Gardner is a resident of Brooklyn, New York, which is in Kings County.

23. At all times material to this action, Plaintiff Gardner has been an "employee" within the meaning of 29 U.S.C. § 203(e).

24. Plaintiff's rate of pay has varied over the years, but focusing on the past six years, his rate of pay has been right at the minimum wage rate.

25. Defendants have regularly "shaved" his hours, which has the net effect of taking his weekly pay below the minimum wage.

26. For his pay, Plaintiff receives cash in an envelope accompanied by an inaccurate paystub that misrepresents his hours worked. More specifically, he's paid for exactly 20 hours at the applicable minimum wage rate, even though he generally works about double that amount (usually around 7-8 hours a day, 6 days a week).

27. At one point he covered shifts at two different store locations for about nine months. He would work from around 8:00AM to 1:00PM at one store then take the train to the other to work another shift. He was not compensated for the travel time between the two. He received separate checks from the two stores for this work, and even though the combined total of his hours worked was more than 40 he was not paid at an overtime rate for those hours over 40 worked in the workweek.

28. On the occasions he has worked a span of more than 10 hours he has not received "spread of hours" pay.

29. In addition, some of the years he has worked for A.S. Fulton he has received 1099s rather than W2s, which caused him to have to pay taxes since nothing had been withheld. The amounts stated on the 1099s and W2s have also been inaccurate.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Gardner v. Bravo Supermarket*
USDC, Eastern District of New York

Complaint
Page 4

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

30. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

*Failure to Pay Time Overtime Properly*

31. Defendants failed to compensate Plaintiff at a rate of one- and one-half times his normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

*Failure to Pay Minimum Wage*

32. Defendants failed to pay Plaintiff the minimum wage for all hours he worked, in violation of the FLSA.

*Record-Keeping Failures*

33. Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

*Willful & Not Based on Good Faith & Entitlement to Damages*

34. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

35. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

36. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Gardner v. Bravo Supermarket*
USDC, Eastern District of New York

Complaint
Page 5

## As And For A Second Cause of Action:
## NEW YORK LABOR LAW (NYLL) VIOLATIONS

37. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

38. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

### *Failure to Pay Minimum Wage*

39. Defendants failed to pay Plaintiff the minimum wage for all hours he worked, in violation of NYLL § 652.

### *Failure to Pay Overtime*

40. Defendants failed to compensate Plaintiff at a rate of one- and one-half times his normal hourly rates for hours over 40 in a workweek, in contravention of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

### *Spread of Hours*

41. Plaintiff worked more than 10 hours on at least some workdays, but Defendants failed to pay him an additional one-hour's pay at the applicable minimum wage rate, in contravention of. N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4.

### *Improper Deductions*

42. The Defendant made deductions from the wages of Plaintiff other than those authorized under NYLL § 193.  See also 12 N.Y. Comp. Codes R. & Regs. 142-2.10

43. Specifically, Defendants made deductions to Plaintiff's wages as repayment for payroll advances or loans.

### *Failure to Provide Accurate Pay Stubs*

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Gardner v. Bravo Supermarket*
USDC, Eastern District of New York

Complaint
Page 6

44. Defendant failed to furnish Plaintiff with "pay stubs," or a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of NYLL § 195(3), § 198(1)(d) and 12 N.Y. Comp. Codes R. & Regs. 142-2.7.

### *Record-Keeping Failures*

45. At all relevant times, Defendant Bravo Supermarket failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of NYLL § 661.

46. At all relevant times, Defendant Bravo Supermarket failed to establish, maintain and preserve for not less than three years payroll records showing the hours worked, gross wages, deductions and net wages for each employee, in contravention of NYLL § 195(4) and 12 N.Y. Comp. Codes R. & Regs. 142-2.6.

47. Defendant failed to keep a time book showing the names and addresses of its employees and the hours worked by each of them in each day, in contravention of NYLL § 161(4).

### *Unpaid Sick Time*

48. In 2020 Plaintiff became ill with the coronavirus and had to be out of work for 14 days or thereabouts.

49. Defendants charged his "paid time off" balance with this sick time, in violation of the requirements of the NYC Paid Safe and Sick Leave Law.

### *Damages*

50. Due to Defendant's New York Labor Code violations, Plaintiff is entitled to recover his unpaid wages, overtime, liquidated damages, interest, reasonable attorneys' fees, and costs associated with bringing the action. NY Lab. Code § 663(1).

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Gardner v. Bravo Supermarket*
USDC, Eastern District of New York

Complaint
Page 7

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

### As And For A Third Cause of Action:
### FLSA – RETALIATION

51. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

52. Plaintiff, through counsel, issued letters describing wage claims directed to Defendants, on June 26, 2021 and again on July 12, 2021. Attached to the second one was a draft complaint similar to this one being filed here.

53. By complaining about the propriety of these pay practices to Defendants, Plaintiff engaged in activity protected under the FLSA.  See *Kasten v. Saint-Gobain Performance Plastics Corp.*, 130 S. Ct. 1890 (2010) (granting certiorari).

54. On or about July 16, 2021, Defendant Polo Vargas threatened to kill Plaintiff if he did not drop his legal claims and made other threatening statements.

55. These threats and this intimidation were causally connected to his decision to pursue his legal claims.

56. Defendant violated the provisions of Section 15(a)(3) of the FLSA (29 U.S.C. § 215(a)(3)), by discriminating against Plaintiff for exercising rights protected under the Act.

57. As a result of these violations by Defendant of the FLSA, the Plaintiff is entitled to damages as set forth in the FLSA, more specifically 29 U.S.C. § 215(a)(3), in an amount to be determined at trial.

### As And for a Fourth Cause of Action:
### NYLL – RETALIATION

58. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth

here.

59. By complaining about the propriety of these pay practices to Defendants, Plaintiff engaged in an activity protected under NYLL § 215(2).

60. Defendants violated the provisions of NYLL § 215 by retaliating against Plaintiff for exercising protected rights.

61. As a result of these violations by Defendants of the FLSA, the Plaintiff is entitled to damages as set forth in the NYLL, more specifically NYLL § 215(2), in an amount to be determined at trial.

### As And for a Fifth Cause of Action:
### FRAUDULENT REPORTING

62. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

63. Defendant willfully filed fraudulent information returns with respect to payments purported to be made to Plaintiff. 26 U.S.C. 7434(a)

64. Therefore, Defendant is liable to the Plaintiff in an amount equal to the greater of $5,000 or the sum of" actual damages, costs, and attorney's fees. 26 U.S.C. § 7434(b)

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A)   Award Plaintiff unpaid and underpaid wages due under the FLSA and the New York Labor Law;

(B)   Award Plaintiff liquidated damages in the amount of his unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Gardner v. Bravo Supermarket*
USDC, Eastern District of New York

Complaint
Page 9

(C) Award Plaintiff liquidated damages pursuant to NYLL § 663;

(D) Award Plaintiff "spread of hours" pay in the amount of one times the then-applicable minimum wage rate for each day Plaintiff worked 10 or more hours in a workday pursuant to N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.7.

(E) Award Plaintiff an amount equal to the greater of $5,000 or the sum of actual damages, costs, and attorney's fees caused by Defendants' fraudulent reporting activities;

(F) Award Plaintiff interest;

(G) Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(H) Award such other and further relief as this Court deems necessary and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **20th** day of **July, 2021.**

ANDERSONDODSON, P.C.

*/s/ Penn Dodson*

**Penn A. Dodson (PD 2244)**
penn@andersondodson.com
11 Broadway, Suite 615
New York, NY 10004
(212) 961-7639 direct
(646) 998-8051 fax

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Gardner v. Bravo Supermarket*
USDC, Eastern District of New York

Complaint
Page 10