UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TROY GARDNER,<br><br>      Plaintiff,<br><br>v.<br><br>A.S. FULTON FOOD CORP.<br> d/b/a Bravo Supermarket, and<br>LUIS VARGAS, an individual, and<br>POLO VARGAS an individual<br><br>      Defendants. | Case No. 1:21-cv-4081 |

MOTION FOR
ORDER TO SHOW CAUSE FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

### INTRODUCTION

  An agent of the Defendants has threatened to kill the Plaintiff in response to his decision to pursue a wage claim against them. We ask for the Court's intervention to require Defendants to stop all such behavior immediately and for other appropriate injunctive relief, as further expounded upon herein. A proposed order to this effect is included herewith.

  As will be described more fully below, Plaintiff asks that this court:

- Enter a temporary restraining order and preliminary injunction pursuant to FRCP 65(b)(1) prohibiting defendants from engaging in the same or similar retaliatory behavior (as more fully defined below);

- Schedule a hearing for as soon as practicable, preferably "remote". We ask that the undersigned be permitted to appear by phone or remote video technology, to assist with expediting this hearing;

- Enter a permanent restraining order;

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

- Sanction the Defendants. Due to the egregious behavior, we ask that the sanctions take the form of a default in the case and schedule the parties for an inquest on damages;

- Grant any other relief as this Court may deem just and necessary

## BACKGROUND

As set forth in the Declarations of the Plaintiff and his counsel submitted herewith, the Plaintiff has been working in Defendants' grocery store in Brooklyn for over 20 years. On or about June 26, 2021, he sent a demand letter, through counsel, to the Defendants regarding claims for underpaid wages pursuant to the Fair Labor Standards Act and New York Labor Law. Along with this demand letter, there were a) a letter advising the Defendants of the prohibitions against retaliation contained in both laws and of their obligation to retain relevant documents and data and b) a proposed Tolling Agreement, that would allow the parties to discuss these claims amongst themselves before making a formal filing in court.

In response, Defendant Luis Vargas called Plaintiff's counsel's firm. He indicated to a paralegal that he received the letter but declined to schedule a call with the attorney to discuss. Thereafter, on July 12, 2021, Plaintiff's counsel responded with a second letter, reiterating the request to set a time to discuss the matters and to sign the tolling agreement. Enclosed with this second letter was a draft of a Complaint similar to the one being filed contemporaneously herewith (minus the retaliation claims and inclusion of the second individual defendant, Polo Vargas), watermarked with the word "DRAFT."

On Friday, July 16, 2021, when the Plaintiff was at work at the Defendants' store, Polo Vargas, who serves as a store manger at the grocery store, may also be a partial owner and is believed to be a blood relative of Defendant Luis Vargas, threatened the Plaintiff. More

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Gardner v. Bravo Supermarket*
USDC, Eastern District of New York

Motion for Temporary Restraining Order
Page 2

specifically, he said that if he continued to pursue this action, "I will kill you." He also indicated he knew where the Plaintiff lived and would send someone there to kill him. In addition, Mr. Vargas said he would make Plaintiff perform oral sex on his gun shaft. Understandably, the Plaintiff felt fearful and intimidated.

This kind of intimidation, threat, and harassment, must not be tolerated.

Plaintiff went to the police and filed a report. Counsel is in the process of trying to obtain a copy of that report.

In the mean time, Plaintiff continues to be employed there. He depends on this job for his livelihood, and has done so for many years. He asks for the Court's protection in order to continue working there without harassment as he lawfully pursues his wage claims.

## MEMORANDUM OF POINTS AND AUTHORITIES

"[T]he traditional standards which govern consideration of an application for a temporary restraining order. . . are the same . . . as those which govern a preliminary injunction." *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir.1992). "A preliminary injunction is considered an 'extraordinary' remedy that should not be granted as a routine matter." *Ahmad v. Long Island Univ.*, 18 F. Supp. 2d 245, 247 (E.D.N.Y. 1998).

To obtain a preliminary injunction, a moving party must show: (1) likelihood of success on the merits; (2) likelihood that the moving party will suffer irreparable harm if a preliminary injunction is not granted; (3) that the balance of hardships tips in the moving party's favor; and (4) that the public interest is not disserved by the requested relief. *Salinger v. Colting*, 607 F.3d 68, 80-83 (2d Cir. 2010); see also *Coley v. Vannguard Urban Improvement Ass'n, Inc*. 12-CV-5565 (PKC) (RER), at *4 (E.D.N.Y. Dec. 13, 2016).

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

Gardner v. Bravo Supermarket
USDC, Eastern District of New York

Motion for Temporary Restraining Order
Page 3

Some courts have found that in a case where the injunction sought is merely prohibitory — i.e., requiring the non-movant to stop acting in a manner that disturbs the status quo — a movant may be entitled to a lesser standard of proof on the likelihood-of-success-on-the-merits factor if it satisfies the other *Lundgrin* requirements. See *Walmer v. United States Dep't of Defense*, 52 F.3d 851, 854 (10th Cir. 1995). In such circumstances, the movant may establish the likelihood-of-success factor simply by raising questions "so serious, substantial, difficult and doubtful as to make the issues ripe for litigation and deserving of more deliberative investigation." *Bray v. Qfa Royalties LLC*, 486 F. Supp.2d 1237, 7-1242 (D. Colo. 2007) quoting *Walmer*, supra. By contrast, where a plaintiff seeks a mandatory injunction, i.e., "one that alter[s] the status quo by commanding some positive act," a higher standard applies. Rush v. Fischer, No. 09 Civ. 9918(JGK), 2011 WL 6747392, at *2 (S.D.N.Y. Dec. 23, 2011) (alteration in original) (quoting *Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 34 (2d Cir. 1995)

As to factors two through four, all weigh in Plaintiff's favor. Movants complain herein that if the injunction is not issued that that Defendants may indeed act on their threats of bodily harm against the Plaintiff, directly or indirectly. Even should those physical threats not be carried out, Plaintiff should not be forced to either forego his job or endure further harassment and intimidation based on his decision to pursue this lawful claim. These threatened injuries far outweigh whatever damages the proposed injunction may cause, if any. And, issuing the requested injunction would, in fact, support the public interest as the law has an obligation, if not duty, to protect its litigants from such actions.

Plaintiff does contend that these threats constitute retaliation, but the Plaintiff seeks for the Court's intervention to quell that retaliation now rather than allowing it to become further exacerbated.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Gardner v. Bravo Supermarket*
USDC, Eastern District of New York

Motion for Temporary Restraining Order
Page 4

As to the likelihood of success on the merits, under either the traditional or relaxed standard, the evidence weighs heavily in Plaintiff's favor. Plaintiff submits herewith a declaration describing the behavior which lend support that these allegations are in fact meritorious. While a hearing on the matter may elucidate certain nuances of the circumstances, based on the proffered evidence, there is a substantial likelihood that movant will eventually prevail on the merits.

Further, as to the claims at issue in the lawsuit, Plaintiff has a high likelihood to success on their merits as well. The underlying claims in this action are allegations of FLSA and NYLL violations relating to unpaid/underpaid back wages and related damages. These claims are relatively straightforward. There is a substantial likelihood that movants will eventually prevail on the merits of their case.

For these reasons, Plaintiffs ask that the Court fashion appropriate remedies to address this situation and minimize the chance of similar events in the future. Toward that end, Plaintiff proposes the following:

- Defendants shall not physically injure or harm the Plaintiff, nor send anyone else to injure or him (or worse).

- Defendants shall not have any direct communication with the Plaintiff, nor send anyone else to communicate with him, that is in any way threatening (whether to his physical wellbeing, to his job, or anything else).

- Defendants shall not suspend, threaten to terminate or suspend, withhold pay, demote, reduce wage rate, or otherwise retaliate against the Plaintiff based on his decision to participate in this wage claim.

- Defendants shall not communicate with the Plaintiff regarding any aspect of his pending claims.

**AndersonDodson, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Gardner v. Bravo Supermarket*
USDC, Eastern District of New York

Motion for Temporary Restraining Order
Page 5

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

The Plaintiff further asks that no security need be posted, due to the nature of the proposed restraint. Fed. R. Civ. Proc. 65(c) says that "The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." As the conduct sought to be enjoined is potentially criminal and/or retaliatory in nature, it has no value to the Defendants. At most such an injunction could be superfluous, but not wrongful. There is no such thing as a wrongful injunction of illegal behavior.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests a Temporary Restraining Order be issued and preliminary injunction pursuant to FRCP 65(b)(1) prohibiting defendants from engaging in the same or similar retaliatory behavior.

Respectfully submitted, this **21st** day of **July, 2021.**

AndersonDodson, P.C.

*[signature]*

**Penn A. Dodson (PD 2244)**
penn@andersondodson.com
11 Broadway, Suite 615
New York, NY  10004
(212) 961-7639 direct
(646) 998-8051 fax